John J. Abromitis (JA-2400)
**COURTER, KOBERT & COHEN**
A Professional Corporation
1001 Route 517
Hackettstown, New Jersey 07840
Telephone        (908) 852-2600
Facsimile        (908) 852-8225
E-Mail           jabromitis@ckclaw.com


Attorneys for Plaintiff,
James Quodomine

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAMES QUODOMINE,<br><br>                              Plaintiff,<br><br>         v.<br><br>CITY OF NEWARK, CITY OF NEWARK POLICE DEPARTMENT, CITY OF NEWARK PROSECUTOR'S OFFICE, BRIAN SHARIF, MARVIN ADAMES, ANNA PEREIRA and JOHN DOES 1-10 (names being fictitious),<br><br>                              Defendants. | **Civil Action No.**<br><br>Civil Action<br><br>**COMPLAINT, DESIGNATION OF TRIAL COUNSEL AND JURY DEMAND**<br><br>**<u>Document Electronically Filed</u>** |

        Plaintiff, James Quodomine, by and through his attorneys, Courter, Kobert & Cohen, P.C., 1001 Route 517, Hackettstown, New Jersey 07840, by way of Complaint against the above-named Defendants, alleges and says:

**<u>STATEMENT OF JURISDICTION</u>**

        1.     Plaintiff brings this action under various causes, including 42 <u>U.S.C.</u> §1983, which provides for a civil action against persons who under cover of law deprive a citizen of federal constitutional rights.  This Court has jurisdiction over all Counts in this matter, pursuant to 28 <u>U.S.C.</u> §§1331 and 1343.

        2.     Plaintiff invokes the pendent jurisdiction of this Court to hear and decide those

{00272060-1}

claims arising under the Constitution and laws of the State of New Jersey.

## PARTIES

3.      Plaintiff James Quodomine ("Plaintiff") resides at 164 Petersburg Road, Hackettstown, New Jersey 07840.

4.      Defendant City of Newark is a body politic of the State of New Jersey.

5.      Defendant City of Newark Police Department ("NPD") is the Municipal Police Department for the City of Newark.

6.      Defendant City of Newark Municipal Prosecutor's Office is responsible for prosecuting offenses for the City of Newark ("The Prosecutor's Office").

7.      At all times relevant, Defendant Marvin Adames ("Adames") was an Attorney at Law and a prosecutor for the City of Newark.

8.      At all times herein relevant, Defendant Anna Pereira ("Pereira") was an attorney at law of the State of New Jersey, and corporate counsel to the City of Newark and/or the Newark Police Department.

9.      At all times herein relevant, Defendant Brian Sharif was a "Special Law Enforcement Officer," designated pursuant to N.J.S.A. 40A:14-146.10 *et seq.* and by Newark City Ordinance.

10.     Defendants John Does 1-10 represent individuals and/or entities whose identities are presently unknown, but who were involved in the retention, training, supervision and/or employment of Brian Sharif, or whom were attorneys or other City employees who were involved in the decision to prosecute Plaintiff for a disorderly persons offense, which will be described throughout this Complaint.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

11.     Plaintiff repeats and makes a part hereof all of the allegations contained in all

previous paragraphs of this Complaint as if same were more fully set forth at length herein.

12.     Plaintiff is a freelance cameraman.

13.     On or about October 26, 2008, Plaintiff was hired by WCBS-TV to film a demonstration of Newark residents who had lost relatives to street violence, and whom were seeking the assistance of parishioners at the St. James Church, located on or about Springfield Avenue in the City of Newark.   Employees of WCBS-TV, including a news reporter, accompanied Plaintiff.

14.     Defendant Sharif, while acting as a Special Law Enforcement Officer for the City of Newark, was performing police related duties at the above-referenced demonstration.  He was in uniform and wearing a badge.

15.     While filming the demonstration, Plaintiff was located on a public sidewalk, and was not violating any laws.

16.     While Plaintiff was filming the demonstration, Defendant Sharif, in a confrontational and hostile manner, ordered Plaintiff to stop filming and to put his camera down.

17.     Defendant Sharif proceeded to physically attack/assault Plaintiff, and also issued numerous threats to him.

18.     More specifically, Defendant Sharif grabbed Plaintiff's camera, placed him in handcuffs, and applied an illegal and deadly chokehold.  Defendant Sharif then arrested Plaintiff and placed him in a police vehicle against his will.

19.     During the course of the above events, Defendant Sharif made numerous verbal threats towards Plaintiff, including a threat to "break his arm."

20.     When told by members of the public that he was acting improperly, Defendant Sharif made statements such as "I can do whatever I want," or words to that effect.

21.     The parishioners and/or demonstrators who were located at the aforementioned

location were mostly of African-American descent.   Defendant Sharif is also of African-American dissent.  Plaintiff is Caucasian.

22.     Defendant Sharif made racial and/or anti-Semitic statements to Plaintiff, in accordance with his stated belief that Plaintiff should not be filming the demonstration.

23.     In advising Plaintiff that he should not be filming at that location, Defendant Sharif stated, in pertinent part, or in substance, the following:

> People in here worship in here.  Let me explain something
> to you, people in here worship.  Let me ask you this,
> would you do this in front of a synagogue?

24.     During the course of the above events, Defendant Sharif also made statements such as "I hate the press," or words to the effect.

25.     Plaintiff suffered damages as a result of the aforementioned actions of Defendant Sharif, including pain and suffering, and emotional distress.

26.     At all times material to the events that gave rise to this Complaint, Defendant Sharif was acting under color of law within the meaning of 42 U.S.C. §1983.

## FIRST COUNT
### (Unreasonable Seizure/Deprivation of Liberty)

27.     Plaintiff repeats and makes a part hereof all of the allegations contained in all previous paragraphs of this Complaint as if same were more fully set forth at length herein.

28.     Defendant Sharif's detention of Plaintiff was a seizure within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

29.     Defendant Sharif did not have reasonable cause to seize Plaintiff.

30.     Defendant Sharif's involuntary detention of Plaintiff was without reasonable cause, which was the proximate cause of damages suffered by Plaintiff.

31.     Defendant Sharif acted in reckless disregard of Plaintiff's Fourth and Fourteenth Amendment rights.

{00272060-1}

4

**WHEREFORE**, Plaintiff James Quodomine demands judgment in his favor and against the Defendants, City of Newark, City of Newark Police Department, Brian Sharif and John Does 1-10 (names being fictitious), as follows:

    A.     Compensatory damages;

    B.     Consequential damages;

    C.     Punitive damages;

    D.     Statutory damages;

    E.     Actual damages;

    F.     Attorneys' fees and costs of suit; and

    G.     Such other and further relief as this Court may deem just and equitable.

## SECOND COUNT
### (Excessive Force)

32.    Plaintiff repeats and makes a part hereof all of the allegations contained in all previous paragraphs of this Complaint as if same were more fully set forth at length herein.

33.    Defendant Sharif utilized excessive force against Plaintiff, in violation of his Fourth Amendment right to be secure against unreasonable seizures.

34.    Defendant Sharif failed to utilize proper procedures and techniques regarding law enforcement interactions with citizens, and/or violated procedures and policies of the City of Newark and/or the NPD with regard to same.

35.    Defendant Sharif acted in reckless disregard of Plaintiff's Fourth Amendment rights.

36.    Defendant's use of excessive force was the proximate cause of damages suffered by Plaintiff.

**WHEREFORE**, Plaintiff James Quodomine demands judgment in his favor and against

the Defendants, City of Newark, City of Newark Police Department, Brian Sharif and John Does 1-10 (names being fictitious), as follows:

      A.      Compensatory damages;

      B.      Consequential damages;

      C.      Punitive damages;

      D.      Statutory damages;

      E.      Actual damages;

      F.      Attorneys' fees and costs of suit; and

      G.      Such other and further relief as this Court may deem just and equitable.

## THIRD COUNT
### (False Arrest/False Imprisonment)

37.      Plaintiff repeats and makes a part hereof all of the allegations contained in all previous paragraphs of this Complaint as if same were more fully set forth at length herein.

38.      Defendant Sharif's arrest and/or detention of Plaintiff was against the Plaintiff's will, and was done without proper legal authority or legal justification.

39.      Defendant Sharif lacked probable cause to detain/arrest Plaintiff.

40.      Plaintiff suffered damages as a result of Defendant Sharif's actions.

41.      Defendant Sharif acted in reckless disregard to Plaintiff's Fourth Amendment rights.

42.      Defendant's conduct was the proximate cause of damages suffered by Plaintiff.

**WHEREFORE**, Plaintiff James Quodomine demands judgment in his favor and against the Defendants, City of Newark, City of Newark Police Department, Brian Sharif and John Does 1-10 (names being fictitious), as follows:

      A.      Compensatory damages;

{00272060-1}

B.      Consequential damages;

C.      Punitive damages;

D.      Statutory damages;

E.      Actual damages;

F.      Attorneys' fees and costs of suit; and

G.      Such other and further relief as this Court may deem just and equitable.

### FOURTH COUNT
**(Intentional Infliction of Emotional Distress)**

43.     Plaintiff repeats and makes a part hereof all of the allegations contained in all previous paragraphs of this Complaint as if same were more fully set forth at length herein.

44.     Defendant Sharif's conduct was extreme and outrageous, was intended to produce emotional distress, and/or was in reckless disregard of a high probability that emotional distress would follows.

45.     Plaintiff suffered extreme emotional distress and damages which were proximately caused by Defendant Sharif's conduct.

**WHEREFORE**, Plaintiff James Quodomine demands judgment in his favor and against the Defendants, City of Newark, City of Newark Police Department, Brian Sharif and John Does 1-10 (names being fictitious), as follows:

A.      Compensatory damages;

B.      Consequential damages;

C.      Punitive damages;

D.      Statutory damages;

E.      Actual damages;

F.      Attorneys' fees and costs of suit; and

{00272060-1}

7

G.      Such other and further relief as this Court may deem just and equitable.

## FIFTH COUNT
### (Negligent Infliction of Emotional Distress)

46.      Plaintiff repeats and makes a part hereof all of the allegations contained in all previous paragraphs of this Complaint as if same were more fully set forth at length herein.

47.      Plaintiff invokes the pendent jurisdiction of this Court to hear and decide those claims arising under the Constitution and laws of the State of New Jersey.

48.      Defendant Sharif was negligent with regard to his aforementioned conduct, which caused Plaintiff personal injury and/or fear of immediate personal injury.

49.      Plaintiff suffered extreme emotional distress, which was proximately caused by Defendant Sharif's conduct.

**WHEREFORE**, Plaintiff James Quodomine demands judgment in his favor and against the Defendants, City of Newark, City of Newark Police Department, Brian Sharif and John Does 1-10 (names being fictitious), as follows:

A.      Compensatory damages;

B.      Consequential damages;

C.      Punitive damages;

D.      Statutory damages;

E.      Actual damages;

F.      Attorneys' fees and costs of suit; and

G.      Such other and further relief as this Court may deem just and equitable.

## SIXTH COUNT
### (Negligence/Gross Negligence)

50.      Plaintiff repeats and makes a part hereof all of the allegations contained in all previous paragraphs of this Complaint as if same were more fully set forth at length herein.

{00272060-1}

8

51.     Defendant Sharif's conduct constitutes negligence and/or gross negligence.

52.     Plaintiff has suffered damages, which was proximately caused by the negligence and/or gross negligence of Defendant Sharif.

**WHEREFORE**, Plaintiff James Quodomine demands judgment in his favor and against the Defendants, City of Newark, City of Newark Police Department, Brian Sharif and John Does 1-10 (names being fictitious), as follows:

A.      Compensatory damages;

B.      Consequential damages;

C.      Punitive damages;

D.      Statutory damages;

E.      Actual damages;

F.      Attorneys' fees and costs of suit; and

G.      Such other and further relief as this Court may deem just and equitable.

### SEVENTH COUNT
### (Malicious Prosecution)

53.     Plaintiff repeats and makes a part hereof all of the allegations contained in all previous paragraphs of this Complaint as if same were more fully set forth at length herein.

54.     Subsequent to the aforementioned incident, Defendant Sharif prepared an Incident Report, in which he set forth numerous misrepresentations and untruths with regard to his interaction with Plaintiff.

55.     Defendant Sharif issued Plaintiff a disorderly persons ticket/summons, pursuant to N.J.S.A. 2C:33-2.

56.     The Office of the Newark Municipal Prosecutor, including Prosecutor Marvin Adames, Esq., prosecuted Plaintiff in connection with the disorderly persons offense.

57.     During the course of discovery, Defendant Adames was provided with video footage of the incident involving Plaintiff and Defendant Sharif.

58.     The footage established that Plaintiff was filming the above-referenced demonstration on public property, and was not violating any law at the time that he was approached and assaulted by Defendant Sharif.

59.     The footage established that Plaintiff did not violate any law, and that he was not engaged in disorderly conduct.

60.     Further, the footage established that the statements made by Defendant Sharif in the Incident Report were lies, untruths and/or misrepresentations, and were directly contradicted by the incident as depicted in the footage.

61.     In the days following the aforementioned incident, Newark City of Mayor Corey Booker, and representatives of the Newark Police Department, conducted press conferences, at which time they expressed their outrage at Defendant Sharif's conduct.

62.     On or about January 15, 2009 counsel for Plaintiff, COURTER, KOBERT & COHEN, P.C. caused a Notice of Tort Claim to be filed with the City of Newark, asserting a claim against the City of Newark arising out of the October 26, 2008 incident between Plaintiff and Defendant Sharif.  The Notice identified numerous claims, including claims of excessive force, false arrest, malicious prosecution, and others.

63.     During the course of discovery in connection with the disorderly persons matter, the attorney representing Mr. Quodomine in the defense of the disorderly persons ticket (Bruce Rosen, Esq.) engaged in discussions with Defendant Adames with reference to the disposition of the disorderly persons offense.

64.     With regard to Mr. Rosen's request that the disorderly persons ticket be dismissed, Defendant Adames stated that the matter would only be dismissed if Mr. Quodomine

agreed to release the City of Newark from any and all potential civil liability arising out of the October 26, 2008 incident.

65.     With reference to the Municipal Court proceedings, corporate counsel for the City of Newark (Ann Pereira, Esq.) appeared at certain proceedings and participated in conferences with the Municipal Judge assigned to hear the matter.

66.     Corporate counsel for the City of Newark had no standing or other cause to appear at the aforementioned proceedings, as corporate counsel is not the Municipal Prosecutor and should not be involved in municipal prosecutions.

67.     During conversations between Defendant Adames, Defendant Pereira, and Mr. Rosen, it was again conveyed by Defendant Pereira and Defendant Adames that the charges against Mr. Quodomine would be dismissed only if he agreed to release his potential civil claims against the City of Newark.

68.     When the above-referenced offer was rejected by Mr. Rosen, the offer was modified to reflect that the disorderly persons offense would only be dismissed if Mr. Quodomine agreed to stipulate that Defendant Sharif had "probable cause" to arrest him for the disorderly persons offense.  This offer was rejected.

69.     Defendant Sharif's personal attorney (Leon Grauer, Esq.) also participated in the aforementioned discussions, in conjunction with the improper attempt to make a dismissal of the disorderly persons charges against Plaintiff contingent upon his agreement to forever release his civil claims against the City of Newark or, alternatively, to stipulate to "probable cause" as described above.

70.     When Mr. Rosen rejected the aforementioned offer, corporate counsel (Defendant Pereira) indicated that, regretfully, the matter would then have to be tried.

71.     Defendant Pereira made these comments at the Newark Municipal Court,

including on the scheduled trial date of February 4, 2009.

72.     The Newark Municipal Judge assigned to try the case on that date (Judge Diana Montes) advised the parties that because she was an employee of the City of Newark, and that the verdict had significant civil consequences, there was a potential that she had a conflict of interest.  As such, she determined that the matter would be transferred for trial, to be heard by a "conflicts judge" sitting in Newark.

73.     Thereafter, Mr. Rosen forwarded a letter to the presiding Essex County Municipal Court Judge (Honorable Anthony J. Frasca, P.J.M.C.), reciting the above-referenced events, indicating that corporate counsel's active involvement in attempting to usurp the Municipal Prosecutor's discretion in an attempt to obtain a release of Plaintiff's civil claims, was in violation of various Advisory Committee Professional Ethics Opinions and Rules of Professional Conduct.

74.     As a result of the improper and illegal conduct of the Municipal Prosecutor's Office, Prosecutor Adames and Corporate Counsel Pereira, it was requested that the matter be moved out of Newark to be evaluated by an independent prosecutor, to be heard by a Judge that has no connection with the City of Newark.

75.     Subsequent to the above, the matter was transferred to the Superior Court, Law Division, Essex County, and assigned to The Honorable Patricia K. Costello, A.J.S.C.  The Office of the Essex County Prosecutor then took over the handling of the matter on behalf of the prosecution.

76.     Subsequent to the above, due to the frivolous nature of the disorderly persons summons/ticket, and because there was no evidence to support such a claim against Plaintiff, the Essex County Prosecutor dismissed the charges.

77.     The actions of the City of Newark Prosecutor's Office, including Defendant

{00272060-1}

Adames, and the Office of Newark's Corporate Counsel, including Defendant Pereira, were improper, illegal, in violation of the Rules of Professional Conduct, in violation of Advisory Committee Professional Ethics Opinions, were otherwise in violation of law, and were designed for the improper and illegal purpose of coercing Plaintiff to dismiss his civil claims (including constitutional claims) against Mr. Sharif, the City of Newark, the NPD, and other potential responsible parties.  Said actions were also designed to deprive Plaintiff Quodomine of his constitutional right to a trial.

78.    The aforementioned disorderly persons matter instituted against Plaintiff was actuated by malice.  There was an absence of probable cause, and the matter was terminated favorably to Plaintiff.

79.    Plaintiff suffered damages as a proximate cause of the malicious prosecution set forth above.

**WHEREFORE**, Plaintiff James Quodomine demands judgment in his favor and against the Defendants, City of Newark, City of Newark Police Department, City of Newark Prosecutor's Office, Brian Sharif, Marvin Adames, Anna Pereira and John Does 1-10 (names being fictitious), as follows:

A.    Compensatory damages;

B.    Consequential damages;

C.    Punitive damages;

D.    Statutory damages;

E.    Actual damages;

F.    Attorneys' fees and costs of suit; and

G.    Such other and further relief as this Court may deem just and equitable.

**EIGHTH COUNT**

**(Abuse of Process)**

80.     Plaintiff repeats and makes a part hereof all of the allegations contained in all previous paragraphs of this Complaint as if same were more fully set forth at length herein.

81.     With regard to the arrest and prosecution of Plaintiff in connection with the disorderly persons offense, the Defendants had an ulterior motive for pursuing the offense, which was to utilize the threat of the disorderly persons offense as a means to coerce Plaintiff to release his civil claims against the City of Newark, or to convince Plaintiff to stipulate to "probable cause" for the arrest, which the Defendants could then use to defend any potential civil suit filed by Plaintiff.

82.     The actions of the Defendants as aforesaid constitute a "further act" after the issuance of process and represent a perversion of the legitimate use of process.

83.     Plaintiff has suffered damages as a proximate cause as a result of the aforementioned actions.

**WHEREFORE**, Plaintiff James Quodomine demands judgment in his favor and against the Defendants, City of Newark, City of Newark Police Department, City of Newark Prosecutor's Office, Brian Sharif, Marvin Adames, Anna Pereira and John Does 1-10 (names being fictitious), as follows:

A.     Compensatory damages;

B.     Consequential damages;

C.     Punitive damages;

D.     Statutory damages;

E.     Actual damages;

F.     Attorneys' fees and costs of suit; and

G.     Such other and further relief as this Court may deem just and equitable.

{00272060-1}

14

## NINTH COUNT
### (Violation of First Amendment Rights)

84.     Plaintiff repeats and makes a part hereof all of the allegations contained in all previous paragraphs of this Complaint as if same were more fully set forth at length herein.

85.     The actions of the Defendants as aforesaid acted to deprive Plaintiff of the rights guaranteed to him under the First Amendment to the Constitution of the United States, including the freedoms given to the press to collect, receive, and report news and information.

**WHEREFORE**, Plaintiff James Quodomine demands judgment in his favor and against the Defendants, City of Newark, City of Newark Police Department, Brian Sharif, Marvin Adames, Anna Pereira and John Does 1-10 (names being fictitious), as follows:

A.     Compensatory damages;

B.     Consequential damages;

C.     Punitive damages;

D.     Statutory damages;

E.     Actual damages;

F.     Attorneys' fees and costs of suit; and

G.     Such other and further relief as this Court may deem just and equitable.

## TENTH COUNT
### (Negligent Supervision, Inadequate Training and Negligent Hiring)

86.     Plaintiff repeats and makes a part hereof all of the allegations contained in all previous paragraphs of this Complaint as if same were more fully set forth at length herein.

87.     Defendants City of Newark and/or the NPD failed to provide adequate training to Defendant Sharif, which proximately caused the damages sustained by Plaintiff.

88.     The constitutional and/or other violations of Defendant Sharif resulted from a

custom, policy, and/or practice of the municipality and/or policymaker, which indirectly caused the misconduct of Defendant Sharif.

89.     Defendants City of Newark and the NPD acquiesced to a long-standing practice or custom, which constituted the standing operating procedure of the City.

90.     The City of Newark and/or the NPD had knowledge of and/or was otherwise alerted to the possible use of excessive force by its police officers, but acquiesced and/or exhibited deliberate indifference, by failing to take proper corrective disciplinary actions and/or training sessions to abate the aforementioned problems.

91.     Defendants City of Newark and the NPD were negligent in hiring Defendant Sharif, failed to adequately supervise and train Defendant Sharif and/or negligently retained Defendant Sharif as a Special Police Officer.

92.     The City of Newark and/or the NPD failed to take proper corrective disciplinary supervisor and/or training measures to abate the aforementioned problems.

93.     Defendants acted in reckless disregard of Plaintiff's Fourth Amendment rights.

94.     Plaintiff has suffered damages as a proximate cause of the actions and omissions of the Defendants.

**WHEREFORE**, Plaintiff James Quodomine demands judgment in his favor and against the Defendants, City of Newark, City of Newark Police Department, Brian Sharif, and John Does 1-10 (names being fictitious), as follows:

A.      Compensatory damages;

B.      Consequential damages;

C.      Punitive damages;

D.      Statutory damages;

E.      Actual damages;

{00272060-1}

16

F.      Attorneys' fees and costs of suit; and

G.      Such other and further relief as this Court may deem just and equitable.

## ELEVENTH COUNT
### (Equal Protection)

95.      Plaintiff repeats and makes a part hereof all of the allegations contained in all previous paragraphs of this Complaint as if same were more fully set forth at length herein.

96.      Pursuant to the equal protection clause of the Fifth and Fourteenth Amendments of the Constitution of the United States, Plaintiff is guaranteed equal protection under law.

97.      One of the purposes of said equal protection clause is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by the expressed terms of a statute, ordinance or other law, or by improper execution through duly constituted agents.

98.      While at all times acting under the authority and color of law, the Defendants' actions and course of conduct have intentionally and arbitrarily discriminated against the Plaintiff, without any rational basis.

99.      Plaintiff has been denied and deprived of his equal protection rights under the law by the Defendants, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States.

**WHEREFORE**, Plaintiff James Quodomine demands judgment in his favor and against the Defendants, City of Newark, City of Newark Police Department, City of Newark Prosecutor's Office, Brian Sharif, Marvin Adames, Anna Pereira and John Does 1-10 (names being fictitious), as follows:

A.      Compensatory damages;

B.      Consequential damages;

C.      Punitive damages;

D.      Statutory damages;

E.      Actual damages;

F.      Attorneys' fees and costs of suit; and

G.      Such other and further relief as this Court may deem just and equitable.

**TWELFTH COUNT**
**(Violation of <u>N.J.S.A.</u> 2A:84A-21.9, *et seq.*)**

100.    Plaintiff repeats and makes a part hereof all of the allegations contained in all previous paragraphs of this Complaint as if same were more fully set forth at length herein.

101.    At all times relevant, Plaintiff was engaged in gathering, procuring, compiling, editing, publishing, or disseminating news for the public.

102.    The actions of Defendants Sharif, the NPD and/or the City of Newark constitutes an improper and illegal search and seizure, pursuant to <u>N.J.S.A.</u> 2A:84A-21.9 *et seq.*

103.    The actions of Defendant Sharif in searching and seizing the Plaintiff's camera equipment was done while Defendant Sharif was acting within the scope or under color of his employment with the NPD and/or the City of Newark.

104.    Defendant Sharif did not have a reasonable, good faith belief in the lawfulness of his conduct, and that his actions were unlawful.

105.    Plaintiff has suffered damages as a result of the aforementioned actions and/or omissions.

**WHEREFORE**, Plaintiff James Quodomine demands judgment in his favor and against the Defendants, City of Newark, City of Newark Police Department, Brian Sharif, and John Does 1-10 (names being fictitious), as follows:

A.      Compensatory damages;

B.      Consequential damages;

C.      Punitive damages;

D.      Statutory damages;

E.      Actual damages;

F.      Attorneys' fees and costs of suit; and

G.      Such other and further relief as this Court may deem just and equitable.

## THIRTEENTH COUNT
### (Bias Crime)

106.    Plaintiff repeats and makes a part hereof all of the allegations contained in all previous paragraphs of this Complaint as if same were more fully set forth at length herein.

107.    The actions and conduct of Defendant Sharif were done for the purposes of intimidating Plaintiff due to his race, color, ethnicity and/or religion.

108.    Plaintiff has suffered damages as a direct and proximate result of Defendants' actions.

**WHEREFORE**, Plaintiff James Quodomine demands judgment in his favor and against the Defendants, City of Newark, City of Newark Police Department, Brian Sharif, and John Does 1-10 (names being fictitious), as follows:

A.      Compensatory damages;

B.      Consequential damages;

C.      Punitive damages;

D.      Statutory damages;

E.      Actual damages;

F.      Attorneys' fees and costs of suit; and

G.      Such other and further relief as this Court may deem just and equitable.

**FOURTEENTH COUNT**
**(New Jersey Civil Rights Violation of <u>N.J.S.A.</u>: 10:6-2, *et seq*.)**

109.    Plaintiff repeats and makes a part hereof all of the allegations contained in all previous paragraphs of this Complaint as if same were more fully set forth at length herein.

110.    Defendant Sharif, while acting under color of law, subjected Plaintiff to the deprivation of substantive due process and/or equal protection rights, privileges and/or immunities secured by the Constitution or laws of the United States and/or the State of New Jersey.

111.    Plaintiff has suffered damages as a result of the actions of the Defendants.

**WHEREFORE**, Plaintiff James Quodomine demands judgment in his favor and against the Defendants, City of Newark, City of Newark Police Department, City of Newark Prosecutor's Office, Brian Sharif, Marvin Adames, Anna Pereira and John Does 1-10 (names being fictitious), as follows:

    A.    Compensatory damages;

    B.    Consequential damages;

    C.    Punitive damages;

    D.    Statutory damages;

    E.    Actual damages;

    F.    Attorneys' fees and costs of suit; and

    G.    Such other and further relief as this Court may deem just and equitable.

**FIFTEENTH COUNT**
**(Violation of <u>N.J.S.A.</u> 59:1-1 *et seq.*)**

112.    Plaintiff repeats and makes a part hereof all of the allegations contained in all previous paragraphs of this Complaint as if same were more fully set forth at length herein.

{00272060-1}

113.   The actions and omissions of the Defendants constitutes negligence, and/or otherwise constitutes a violation of N.J.S.A. 59:1-1 *et seq.*

114.   Plaintiff has suffered damages as a direct and proximate result of the actions and omissions of the Defendant as set forth herein.

**WHEREFORE**, Plaintiff James Quodomine demands judgment in his favor and against the Defendants, City of Newark, City of Newark Police Department, Brian Sharif, and John Does 1-10 (names being fictitious), as follows:

A.   Compensatory damages;

B.   Consequential damages;

C.   Punitive damages;

D.   Statutory damages;

E.   Actual damages;

F.   Attorneys' fees and costs of suit; and

G.   Such other and further relief as this Court may deem just and equitable.

**SIXTEENTH COUNT**
**(Monell Liability)**

115.   Plaintiff repeats and makes a part hereof all of the allegations contained in all previous paragraphs of this Complaint as if same were more fully set forth at length herein.

116.   The execution of a policy or custom of the City of Newark and/or the NPD proximately caused the violation/deprivation of the Plaintiff's constitutional rights and the damages suffered by Plaintiff.

**WHEREFORE**, Plaintiff James Quodomine demands judgment in his favor and against the Defendants, City of Newark, City of Newark Police Department, City of Newark Prosecutor's Office, Brian Sharif, Marvin Adames, Anna Pereira and John Does 1-10 (names

being fictitious), as follows:

      A.      Compensatory damages;

      B.      Consequential damages;

      C.      Punitive damages;

      D.      Statutory damages;

      E.      Actual damages;

      F.      Attorneys' fees and costs of suit; and

      G.      Such other and further relief as this Court may deem just and equitable.

## SEVENTEENTH COUNT
### (Civil Conspiracy)

117.    Plaintiff repeats and makes a part hereof all of the allegations contained in all previous paragraphs of this Complaint as if same were more fully set forth at length herein.

118.    The Defendants have conspired to improperly and illegally deprive Plaintiff of his constitutional rights and protections, by virtue of the arrest and prosecution of Plaintiff for disorderly persons offense, which was for the improper purpose to coerce Plaintiff to release his civil claims as aforementioned.

119.    Plaintiff has suffered damages, which were proximately caused by the actions of the Defendants.

**WHEREFORE**, Plaintiff James Quodomine demands judgment in his favor and against the Defendants, City of Newark, City of Newark Police Department, City of Newark Prosecutor's Office, Brian Sharif, Marvin Adames, Anna Pereira and John Does 1-10 (names being fictitious), as follows:

      A.      Compensatory damages;

      B.      Consequential damages;

C.    Punitive damages;

D.    Statutory damages;

E.    Actual damages;

F.    Attorneys' fees and costs of suit; and

G.    Such other and further relief as this Court may deem just and equitable.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that John J. Abromitis, Esq., is hereby designated as trial counsel on behalf of the Plaintiff, James Quodomine.

**COURTER, KOBERT & COHEN, P.C.**
Attorney for Plaintiff James Quodomine

By:_____
        John J. Abromitis (JA-2400)

Dated:   October 21, 2009

## JURY DEMAND

**PLEASE TAKE NOTICE** that Plaintiff, James Quodomine, hereby demands a trial by jury as to all issues so triable herein.

**COURTER, KOBERT & COHEN, P.C.**
Attorney for Plaintiff James Quodomine

By:_____
        John J. Abromitis (JA-2400)

Dated:   October 21, 2009

{00272060-1}

## <u>RULE 11.2 CERTIFICATION</u>

I hereby certify that the within matter is not the subject of any other related action or arbitration proceeding presently pending and that no such other related action or arbitration proceeding is presently contemplated.

I further certify that to the best of my knowledge, no other party should be joined in this matter subject to continuing discovery herein.

**COURTER, KOBERT & COHEN, P.C.**
Attorney for Plaintiff James Quodomine

By:_____
       John J. Abromitis (JA-2400)

Dated:   October 21, 2009